

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

ATTORNEY GENERAL

Honorable George W. Cox, M. D.
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-6024
Re: Can a county acquire land by purchase and/or by condemnation for the purpose of disposing of garbage collected from its inhabitants?

We have received your recent communication wherein you request an opinion on the above set out question.

Article 4418f, Vernon's Annotated Civil Statutes, provides, among other things, that the commissioners' court of any county shall have the authority to appropriate and expend money from the general revenues of its county for and in behalf of public health and sanitation within its county. By necessary implication, said article confers the power to do the things for which such money is appropriated, i. e., the furtherance of public health and sanitation.

And, the case of City of Fort Worth v. George, 108 S. W. (2d) 929, (writ refused) holds that the collection of garbage and refuse matter by the City of Fort Worth from the homes of its inhabitants and the disposition of it when so collected are governmental functions imposed upon the municipality by law and are in furtherance of carrying into effect the Sanitary Code as contained in the general laws of this State. (Art. 4477, Vernon's Annotated Civil Statutes).

Such above holding makes it clear that the collection and disposition of garbage is in furtherance of public health and sanitation.

In view of the foregoing, we see no reason why a county would not be authorized to purchase any necessary interest in land within such county for the public purpose of disposing of garbage collected from the inhabitants of said county.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We now shall proceed on the question of such counties right to condemn land for such purposes.

Article 3264a, Vernon's Annotated Civil Statutes, provides, in part, that the right of Eminent Domain is conferred upon counties for the purpose of condemning and acquiring land, right-of-way or easement in land, private or public, except property used for cemetary purposes, where said land, right-of-way or easement is necessary in the construction of jails, courthouses, hospitals, delinquent and dependent schools, poor farms, libraries or for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or statutes of this State.

In construing the underscored provisions of the next above referred to Article, it was held in the case of Malloy et al v. Galveston County, 42 S. W. (2d) 163, (writ refused) that "if the purpose for which the land is sought to be condemned has been declared a public purpose by a statute, then Article 3264a expressly gives the county the right to acquire by condemnation the land necessary for such purpose."

As Article 4418f, supra, and Article 4477, Vernon's Annotated Civil Statutes, commonly known as the "Sanitary Code," both refer to and provide for the improvement of the sanitary conditions in all parts of the State and of public health therein, we are constrained to conclude that "sanitation" has been declared a public purpose by statute and, as such, includes "disposition of garbage."

Therefore, it is the opinion of this department that a county would also have the right to acquire the land for such purposes by condemnation under the provisions of Article 3264a, Vernon's Annotated Civil Statutes, et seq.

However, we invite to your attention that in regard to your question said county can condemn only such easement as is necessary for the purpose of garbage disposal. This is provided by the terms of Article 3270, Vernon's Annotated Civil Statutes, which reads, in part, as follows:

"Except where otherwise expressly provided by law, the right secured or to be secured to any corporation or other plaintiff in this State, in the manner provided by this law, shall not be so construed as to include the fee simple estate in lands, either public or private * * *."

Honorable George W. Cox, page 3

In support of the proposition next above discussed, we refer you to Hill v. City of Bellville, 30 S. W. (2d) 407; and our Opinion No. O-3348, and cases therein cited, a copy of which we are attaching hereto.

Trusting we have satisfactorily answered your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.

Robert L. Lattimore, Jr.
Assistant

RLL:EP

APPROVED MAY 27, 1944

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY